J-S07013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ERIC CARLO MARTORELL | |
| Appellant | No. 1453 MDA 2016 |

Appeal from the PCRA Order August 24, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000835-2009

BEFORE:  BOWES, LAZARUS, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 01, 2017**

Eric Carlo Martorell appeals from the August 24, 2016 order dismissing his PCRA petition as untimely.  We affirm.

On March 30, 2009, Appellant was charged with three counts each of possession of a controlled substance with intent to deliver, criminal use of a communication facility, and possession of a controlled substance.  On September 9, 2008, while operating undercover, Pennsylvania State Trooper Michael Lane purchased cocaine from Appellant.  Trooper Lane called Appellant's cell phone and asked to buy one ounce of cocaine.  Appellant agreed to the sale, and they arranged to meet at the Porch Restaurant, which was located at the intersection of Millardsville and Tulpenhocken Roads, Jackson Township.  Trooper Lane and Appellant sat at a table,

Appellant handed the Trooper a cigarette box containing a baggie with cocaine in it, and Trooper Lane gave Appellant $900.

On October 8, 2008, Trooper Lane made another purchase of cocaine from Appellant. The Trooper called Appellant at the same cell phone number, but Appellant did not answer. About fifteen minutes thereafter, Appellant called Trooper Lane's phone and asked who he was. Trooper Lane responded, "Mike, with the Harley," and Appellant recalled meeting him. Affidavit of Probable Cause, 3/30/09, at 1. Trooper Lane asked to purchase another ounce of cocaine, and the two men arranged to meet at Gionotti's Restaurant in Robesonia, Heidelberg Township. After sitting at the bar together, the two men consummated the sale in the back of the restaurant. Appellant handed Trooper Lane a cigarette box containing a baggie with cocaine, and received $900 in return.

On October 23, 2008, Trooper Lane again arranged to buy one ounce of cocaine from Appellant, who indicated that the price had increased by $100. The sale was completed at Gionatti's Restaurant. Appellant again placed the cocaine in a baggie in a cigarette box and handed it to Trooper Lane, who gave Appellant $1,000.

On August 27, 2009, Appellant tendered a guilty plea to the charges, and on September 30, 2009, he was sentenced to ten to twenty years imprisonment. Appellant filed a *pro se* post-sentence motion for modification of his sentence. That motion was denied because Appellant

"agreed in his guilty plea to a minimum of ten years with the court to set the maximum." Order, 10/16/09, at 1 (unnecessary capitalization omitted).

On January 22, 2016, Appellant filed the PCRA petition at issue in this appeal, and counsel was appointed. PCRA relief was denied on August 24, 2016, and this appeal followed. Appellant presents one contention, "Whether the Trial Court erred in denying Appellant's PCRA Petition as untimely?" Appellant's brief at 4. We first observe that this Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa.Super. 2016) (quoting *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015)).

Next, it is axiomatic that all PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted); *see also Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In this case, Appellant did not file a direct appeal so that his September 30, 2009 judgment of sentence became final on October 30, 2009,[1] and he had until October 30, 2010 to file a timely petition. The January 22, 2016 petition was patently untimely. There are three exceptions to the one-year time bar of § 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).

---

[1] We note that, since Appellant was represented when he filed his *pro se* post-sentence motion, it was of no legal effect. **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super. 2007) (when defendant was represented by counsel, "his *pro se* post-sentence motion was a nullity, having no legal effect"); **accord Commonwealth v. Reid**, 117 A.3d 777, 781 n.8 (Pa.Super. 2015) (where defendant was "represented by counsel at the time he filed his *pro se* motion for reconsideration," that motion was a nullity); **see also Commonwealth v. Ali**, 10 A.3d 282 (2010) (*pro se* 1925(b) statement filed by a represented defendant was a nullity). Hence, we conclude that the motion did not serve to extend the date that Appellant's judgment of sentence became final.

Appellant invokes the newly-recognized constitutional right exception. He avers that his sentence, which included a term of imprisonment involving a mandatory minimum sentence applicable due to the weight of the cocaine involved, was illegal under the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the Court held that, under the Sixth Amendment's right to a jury trial, facts that invoke the application of a mandatory minimum sentence must be submitted to a jury and found beyond a reasonable doubt. Appellant argues that *Alleyne* "established a new constitutional right" and his petition was timely under § 9545(b)(1)(iii). Appellant's brief at 11.

The first flaw in this position is that Appellant did not timely invoke the newly-created constitutional right exception in the first instance. Section 9545(b)(2) of the PCRA expressly states, "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). *Alleyne* was filed on June 17, 2013, and Appellant had until August 16, 2013, to fall within the after-recognized constitutional right exception based upon *Alleyne*. Appellant counters that "he filed his PCRA Petition as diligently as he could after becoming privy to the *Alleyne v. United States* decision." Appellant's brief at 11. However, when Appellant actually found out about the *Alleyne* decision is not the pertinent inquiry herein; the date of the filing of the case in question is the triggering date for application of § 9545(b)(1)(iii).

*Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa.Super. 2012) (sixty-day time period for filing a timely PCRA petition invoking new decisional law begins to run when that case was filed and not when defendant became aware of it); *see also Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa.Super. 2016). Since Appellant's petition was not filed by August 16, 2013, he did not timely assert the newly recognized constitutional right exception as to the *Alleyne* decision.

Additionally, *Alleyne* is not retroactive. *Commonwealth v. Washington*, 142 A.3d 810, 811 (Pa. 2016) (holding that *Alleyne* does not apply retroactively "to attacks upon mandatory minimum sentences advanced on collateral review"). Appellant also does not fall within the parameters of the newly-recognized constitutional right exception because § 9545(b)(1)(iii) mandates that the right be held by the United States Supreme Court or the Pennsylvania Supreme Court to apply retroactively. *Miller*, *supra* (*Alleyne* does not fall within newly-created constitutional right exception to one-year time bar of PCRA as it has not made retroactively applicable).

Appellant also observes that his sentence is illegal. Appellant's brief at 11. A legality of sentence issue is not subject to waiver principles, and *Alleyne* does pertain to the legality of a sentence. *Commonwealth v. Barnes*, 2016 WL 7449232 (Pa. Dec. 28, 2016). However, a legality-of-sentence issue still must be raised in a timely PCRA petition.

- 6 -

*Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although a legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Thus, Appellant cannot overcome the one-year filing deadline for this PCRA petition based upon the position that his sentence was illegal.

The PCRA court did not abuse its discretion or commit an error of law in dismissing the present PCRA petition as untimely, and we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2017